UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK TSAGARIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-03386 |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC and ONLINE INFORMATION | ) |
| SERVICES, INC. | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Nick Tsagaris, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), for a finding that Defendants' actions violated the FCRA and FDCPA, and to recover damages for Defendants' violations, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C.§ 1331, and jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendants transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

1

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant sharing of false information regarding an alleged debt. *Evans v. Portfolio Recovery Associates,* 889 F.3d 337, 344 (7th Cir. 2018).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Nick Tsagaris ("Plaintiff"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

7. Defendant Online Information Services, Inc. ("OIS") is a North Carolina Corporation. It is authorized to do business in Illinois. Its registered agent in Illinois Corporation Services C, which can be served at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. OIS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant, Equifax Information Services, LLC ("Equifax"), is a limited liability company formed under the laws of the State of Georgia that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois.

Equifax's registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Equifax was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

11. According to OIS, Plaintiff incurred a delinquent debt owed originally owed for a Duke Energy North Carolina account. ("Account").

12. However, the Duke Energy North Carolina account was not in fact an account of Plaintiff's.

13. Plaintiff has never resided in North Carolina or owned property in North Carolina.

14. On information and belief, the Account was used for personal, family, and household purchases.

15. The Account is a "debt" as that term is defined in § 1692a(5) of the FDCPA.

16. According to OIS, Plaintiff did not make payments on the Account when due, and the Account went into default.

17. In response to collection attempts by OIS, Plaintiff consulted with the attorneys at Community Lawyers Group, LLC, who, on January 21, 2021, sent a letter to Defendant, OIS, indicating that Plaintiff disputed the debt. (Exhibit A, Dispute Letter).

18. Defendant, OIS received Plaintiff's dispute on January 26, 2021.

19. Plaintiff's letter stated, in part, that the amount reported on Plaintiff's credit reports was not accurate.

3

20. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

21. Thereafter, on May 19, 2021, OIS communicated credit information regarding the Account to the Equifax consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's Equifax Report).

22. OIS failed to communicate that Plaintiff had disputed the Account when it communicated other information to Equifax regarding the Account.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24. Defendant, OIS failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when they knew or should have known about the dispute and they communicated other information regarding the Account to Equifax.

25. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

26. Defendants' false credit reporting adversely impacted Plaintiff's credit reputation and creditworthiness.

27. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *See Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

28. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT— ONLINE INFORMATION SERVICES, INC.**

29. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

30. Defendant, OIS failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when they knew or should have known about the dispute and they communicated other information regarding the Account to Equifax.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant OIS as follows:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  C. Such other or further relief as this Court deems proper.

**COUNT II—UNREASONABLE REINVESTIGATION—EQUIFAX**

31. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

32. On May 13, 2021, Plaintiff, through counsel, sent a letter to Equifax via first class and certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be corrected. (Exhibit C, Dispute Letter To Equifax).

33. Equifax received Plaintiff's disputes.

34. To date, Equifax continues to report the tradeline on the account.

35. The tradeline lists numerous inaccuracies.

36. In fact, the tradeline should not be listed as all as the debt is not owed by Plaintiff.

37. Despite the foregoing, Equifax has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

38. Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

39. The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

40. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

41. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified the furnisher of Plaintiff's dispute and the nature of the dispute.

42. Upon information and belief, Equifax updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

43. Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

44. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    A. Adverse credit action;

    B. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    C. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    D. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    E. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

45. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

46. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

    **Reinvestigation required**

    **. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

47. Equifax willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

48. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Prompt notice of dispute to furnisher of information**
>
> **. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

49. Equifax willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

50. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Consideration of consumer information**
>
> **In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

51. Equifax willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

52. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be**

8

> **inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

53. Equifax willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

54. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

55. Equifax willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

56. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

      A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

      B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

      C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

      D.    Such other or further relief as the Court deems proper.

**COUNT III—FURNISHER LIABILITY— ONLINE INFORMATION SERVICES, INC.**

57. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

58. OIS received notification from Equifax that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

59. Upon information and belief, OIS received from Equifax, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

60. OIS then and their owed Plaintiff a duty to assist Equifax in a re-investigation into the disputed information being reported about Plaintiff by OIS.

61. 15 U.S.C. § 1681s-2(b) of the FCRA provides as follows:

**Duties of furnishers of information upon notice of dispute**

**After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—**

**(A) conduct an investigation with respect to the disputed information;**

62. OIS willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Equifax in violation of 15 U.S.C. § 1681s-2(b)(A).

63. After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;**

64. OIS willfully and negligently failed to review all relevant information concerning Plaintiff's account provided by Equifax in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

65. After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (C) report the results of the investigation to the consumer reporting agency;**

66. OIS willfully and negligently failed to report the inaccurate status of the inaccurate information to Equifax in violation of 15 U.S.C. § 1681s-2(b)(1)(C).

67. After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis;**

68. OIS willfully and negligently failed to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

69. After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—**
>
> **(i) modify that item of information;**
> **(ii) delete that item of information; or**
> **(iii) permanently block the reporting of that item of information.**

70. OIS willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies

and other entities despite knowing that said information was inaccurate, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

71. OIS willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

72. The conduct of OIS was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, OIS is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

    B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

    C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers LLC**
980 N Michigan Ave, Suite 1400
Chicago, IL 60611

Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com